**William J. ROTHAUS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20059.**

United States Court of Appeals
Fifth Circuit.

July 3, 1963.

Carl Estes, II, Houston, Tex., J. C. Grossenbacher, Jr., San Antonio, Tex., for appellant.

Harry Lee Hudspeth, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM.

This appeal by the defendant from a conviction for violation of the narcotics laws is, we think, quite without merit. Only two errors are assigned. One of these is that the defendant when tried

and convicted was placed in double jeopardy because this was his second trial for the same offense after the first jury to try his case was discharged for inability to agree.

It is established law that one pleading jeopardy has the burden of sustaining his plea. Reid v. United States, 177 F.2d 743 (5th Cir.) and it has long been settled law in the federal courts that the trial court may in its discretion discharge a jury before a verdict is returned when there is a manifest necessity for such action or when the ends of public justice would be otherwise defeated and such discharge does not bar a future trial. Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974; Keerl v. Montana, 213 U.S. 135, 29 S.Ct. 469, 53 L.Ed. 734. Whether or not the circumstances require the discharge of a jury in a particular case is a matter within the sound discretion of the trial court. United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165.

Upon the record in this case, it is quite plain that the court did not abuse its discretion in discharging the jury and that the defendant has not been subjected to double jeopardy.

The other assignment of error is no better taken. This is that Government's exhibit No. 5, which contained the marihuana which the government claimed the defendant had been guilty of purchasing, was not properly identified.

It is certainly a correct principle of law, as claimed by appellant, that when an object is taken from the defendant for the purpose of testing its nature or content, it is essential to the admissibility in evidence of the results of the testing that the identification of the object or substance tested with the object or substance taken from defendant be established. The evidence in the case abundantly supports the submission of the issue and the verdict thereon. Gallego v. United States, 9 Cir., 276 F.2d 914.

No error appearing, the judgment is

Affirmed.