UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Henry PARKER,
Defendant-Appellant.

Nos. 78–1269, 78–1270
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1978.

Rehearing Denied Nov. 22, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Arnold D. Levine, Tampa, Fla., for defendant-appellant Parker.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Mark L. Horwitz, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

■ Defendant Paul Henry Parker appeals from the district court's denial of his motion to dismiss the indictment (hereinafter described) on the grounds that trial thereof would place him in double jeopardy and that the Government is collaterally estopped from prosecuting him on the offenses charged in the indictment. We agree with the district court, and therefore affirm the denial of the motion to dismiss the indictment.[1]

Parker was president of a Teamsters Local involved in an organizational struggle that was marred by a series of bombing incidents in 1971. He was charged and convicted of unlawful involvement in these bombings. The specific counts were: (1) inducing others to maliciously damage a building by explosive (18 U.S.C. § 844(i)); (2) inducing others to unlawfully possess destructive devices (26 U.S.C. § 5861); (3) conspiring (18 U.S.C. § 371) to violate 18 U.S.C. § 844(i), 26 U.S.C. § 5861 and 18 U.S.C. § 842(a)(3)(A) (unlawful transportation of explosives).

Count One of the current indictment charges Parker and a codefendant, Thomas A. Larkin, with a conspiracy (18 U.S.C. § 371). The Government alleges that this conspiracy has five objectives: obstruction of criminal investigations (18 U.S.C. § 1510), obstruction of justice (18 U.S.C. § 1503), subornation of perjury (18 U.S.C.

§ 1622), embezzlement of union funds (29 U.S.C. § 501(c)) and the falsification of union records (29 U.S.C. § 439(b) & (c)). The remaining twelve counts charge specific acts of embezzlement and falsification of union records and reports. The conspiracy was charged to have begun in February 1971 and to have continued until the date of the indictment, October 27, 1977. This is contrasted with the conspiracy in the first indictment, which began on February 25, 1971, and ended by April 16, 1971, according to the indictment. Parker and two other defendants, Wingate and Burch, were the indictees in the first indictment, whereas Parker and Larkin were the indicted coconspirators in the second.

Defendant contends that the current indictment places him in double jeopardy. The Government asserts, on the other hand, that the offenses charged in this indictment all concern unlawful efforts to conceal criminal responsibility for the bombings rather than the offenses concerning the bombings themselves, and therefore that no double jeopardy problem is involved.

Defendant relies on *United States v. Inmon*, 3 Cir., 1977, 568 F.2d 326 and *United States v. Mallah*, 2 Cir., 1974, 503 F.2d 971, 985–87, *cert. denied*, 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975), in contending that his double jeopardy claim should prevail. The *Inmon* court adopted the Second Circuit's rule in *Mallah*, and held that "when a defendant makes a nonfrivolous showing that an indictment charges the same offense as that for which he was formerly placed in jeopardy, the burden of establishing separate [conspiracies] . . . is on the government." 568 F.2d at 331–32. However, the district court in this case explicitly found that defendant had not made such a "non-frivolous showing." Without adopting or approving this burden-shifting rule,[2] we conclude that the district court

---

1. A denial of the motion to dismiss on double jeopardy grounds is an appealable "collateral order" under *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *See United States v. Smith*, 5 Cir., 1978, 574 F.2d 308, 309.

2. The traditional rule in this Circuit is that the defendant has the burden of proving double jeopardy. *See Rothaus v. United States*, 5 Cir., 1963, 319 F.2d 528, 529; *Reid v. United States*, 5 Cir., 1949, 177 F.2d 743, 745. *But see United States v. Inmon*, 3 Cir., 1977, 568 F.2d 326, 331

was correct in rejecting defendant's double jeopardy claim.

The traditional test for determining whether prosecution on a second charge violates the double jeopardy clause was formulated by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. Recent Supreme Court decisions have reaffirmed the vitality of this test. *See Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Ianelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294, 43 L.Ed.2d 616 (1975). This Circuit has interpreted this "different evidence" test to mandate only that the second charged offense require proof of a fact and an element that the first charged offense does not. *United Staes v. Horsley*, 5 Cir., 1975, 519 F.2d 1264, 1265; *United States v. Hill*, 5 Cir., 1974, 500 F.2d 733, 740.

■ It is apparent that the "different evidence" standard is amply satisfied in the present case. The defendant was charged with involvement in two separate and distinct conspiracies; the first concerned the inducement of bombing, while the second involves the obstruction of justice. Although there is some overlap in the time the conspiracies are charged to have existed, and in the participants in these conspiracies, the overlap is not significant for double jeopardy purposes. Different overt acts

are charged, and the underlying objectives are distinct. The second indictment charged a wide-ranging scheme affirmatively and unlawfully to interfere with the processes of justice, rather than a simple continuation of the bombings conspiracy.[3]

■ The fact that evidence of the offenses charged in the current indictment was admitted at the earlier trial does not, by itself, implicate the double jeopardy clause, as those offenses were not charged in the first indictment. *See Sanchez v. United States*, 9 Cir., 1965, 341 F.2d 225, 227, *cert. denied*, 382 U.S. 856, 86 S.Ct. 109, 15 L.Ed.2d 94 (1965) (where evidence of the marijuana transaction currently charged had been admitted in a previous trial to rebut a defense of entrapment). The collateral estoppel doctrine of *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) is inapposite here, since none of the factual issues involved in the second indictment was necessarily found for the defendant in the first trial, as defendant was convicted on all counts. *See Hardwick v. Doolittle*, 5 Cir., 1977, 558 F.2d 292, 298, *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978).

AFFIRMED.

---

(distinguishing *Reid* mainly on the grounds that there was a full evidentiary record of the first trial, the placement of the burden of persuasion was not of critical importance, and that *Reid* was decided before *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) made it clear that a pretrial evidentiary hearing was appropriate. There is, of course, a full evidentiary record of the first trial in this case. *Rothaus* was distinguished as involving the defendant's burden of demonstrating an abuse of discretion in the district court's declaration of a mistrial in defendant's first trial.)

3. Since the defendant was charged with participation in two distinct conspiracies, rather than in a single conspiracy with several illegal ends, the result reached here is not affected by the rule of *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942).