46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HICKMAN, Defendant-Appellant.
 No. 94-5233.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1994.
Decided Jan. 17, 1995.
 
 Jeffrey Lee Starkweather, Chapel Hill, NC, for Appellant.
 William Arthur Webb, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Janice McKenzie Cole, United States Attorney, Raleigh, NC, for Appellee.
 Before ERVIN, Chief Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This is an interlocutory appeal, taken pursuant to Abney v. United States, 431 U.S. 651 (1977), from the district court's order denying defendant Robert Hickman's pre-trial motion to dismiss a drug conspiracy indictment against him on double jeopardy grounds. Hickman challenges both the district court's rejection on the merits of his double jeopardy claim and the court's refusal to grant an evidentiary hearing to resolve the claim.[1] We find no error and affirm.
 
 
 2
 * On August 4, 1992, Hickman was indicted in the United States District Court for the District of Vermont under 21 U.S.C. Sec. 846 for conspiring to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The conspiracy count listed no specific overt acts. The activities of the alleged, and ultimately proven, conspiracy occurred in New York City and Vermont and consisted largely of transfers of cocaine and money between the two locations and of distribution of cocaine within Vermont. Hickman's alleged co-conspirators were Jacob Washington, Frank Salas, Dexter Wilson, Jerome Washington, Marlon Douglas, Stephen Collins, Percy Culcleasure, and Chance Marden (who was not indicted). He was convicted of the charged conspiracy in that court on December 23, 1993.
 
 
 3
 On October 26, 1993, Hickman was indicted under 21 U.S.C. Sec. 846 for conspiring to violate 21 U.S.C. Sec. 841(a)(1) by distributing and possessing with the intent to distribute cocaine in the United States District Court for the Eastern District of North Carolina. This conspiracy indictment listed 146 overt acts. The activities of this conspiracy were alleged to have occurred primarily in Henderson, North Carolina, and New York City and to have involved the transfer of cocaine and money between the two cities and related criminal acts. Hickman's alleged co-conspirators included Steve Hickman, Stanley Hickman, Stephanie Hartsfield, Tony Lee Daniels, Mickey Hayes, Anita Dunston, Corrine Felicia Gillard, a Jane Doe, and "certain unindicted co-conspirators, including Kim Crosson, Michael Eric Sutton, Terrence Davis, Frederick Hargrove, Troy Lamont Martin., a/k/a Trick, and Vincent MacArthur Hartsfield." JA at 77.
 
 
 4
 Hickman made a motion to dismiss this second conspiracy charge in the United States District Court for the Eastern District of North Carolina. He offered numerous exhibits and presented arguments that the previous conspiracy charge for which he was prosecuted in Vermont was sufficiently identical to the later charge to support a dismissal based on the prohibition against being placed twice in jeopardy for the same offense. On March 22, 1994, after considering the exhibits and arguments and after comparing the two conspiracy charges, the district court orally denied the motion to dismiss. In a written order filed April 4, 1994, which confirmed and elaborated its previous oral ruling, the court explained that the "co-conspirators are different, the situs and conduct are different, and [there is] no overlapping that would act as a bar based on the plea of double jeopardy." JA at 271. The district court also denied Hickman's request for a full evidentiary hearing on the double jeopardy claim, explaining that he had failed to make "a colorable showing of identity between the charges" to justify such a hearing. JA at 271. Hickman appealed from the order denying his motion and moved for a stay pending appeal. The stay was denied, and this appeal proceeded.[2]
 
 II
 
 5
 Hickman first challenges the district court's rejection on the merits of his double jeopardy dismissal motion. Having carefully considered the parties' briefs, the oral arguments of counsel, and the record, we affirm the conclusion of the district court that, on the record then before it, the Vermont conspiracy charge and the North Carolina conspiracy charge were not shown to be sufficiently identical to warrant the latter's pre-trial dismissal on double jeopardy grounds.
 
 
 6
 As to this holding, we adopt the reasoning of the district court. The court applied the "totality of the circumstances test" adopted in United States v. MacDougall, 790 F.2d 1135, 1144 (4th Cir.1986) (listing five factors that courts should consider when evaluating double jeopardy claims). It found that Hickman had failed to establish three of the five MacDougall factors (namely, identity of the co-conspirators, of the overt acts and activities, and of the locations where the activities took place): the only conspirator common to both indictments was Hickman himself; the only location common to both conspiracies was New York City; and the underlying activities and overt acts supporting the two conspiracies were separate and distinct. The district court concluded that Hickman therefore did not satisfy his burden of making "a non-frivolous showing that [the latter] indictment charge[d] him with an offense for which he was formerly placed in jeopardy," which, under United States v. Ragins, 840 F.2d 1184, 1192 (4th Cir.1988), would have shifted the burden to the Government to show that there were two separate offenses. Because of Hickman's failure to satisfy his initial burden, the district court properly denied the motion to dismiss.[3]
 
 III
 
 7
 Hickman also challenges the district court's refusal to grant an evidentiary hearing before resolving his double jeopardy claim. We find no error in this. The district court provided Hickman with an adequately "full opportunity to develop the record and present arguments for [his] position," as required under MacDougall, by allowing him to present a thorough comparison of the two conspiracy indictments. 790 F.2d at 1144. Because Hickman did not make a colorable showing of identity between the two conspiracy charges, the district court was not required to hold an evidentiary hearing before reaching the merits of his double jeopardy claim.
 
 AFFIRMED
 
 
 [1]
 The Government argues, inter alia, that Hickman never formally made a motion to dismiss on double jeopardy grounds, instead moving only for a continuance to gather evidence on which to base a double jeopardy motion. Government's Brief at 8-11. We reject this argument. Though the motion was not the clearest, the district court interpreted it as one raising a double jeopardy claim and treated it accordingly, as do we
 
 
 [2]
 The trial commenced on March 23, 1994, but ended in a mistrial on March 25, 1994, when the district court granted a motion of all defendants for severance. To our knowledge Hickman's severed trial has yet to commence
 
 
 [3]
 We note that on this interlocutory appeal, we have reviewed only the correctness of the district court's ruling on the evidence then before it on Hickman's pre-trial motion to dismiss. As with all interlocutory rulings, this one is subject to reexamination in light of any further evidence respecting the identity of the conspiracy charges that may be developed at trial. See generally 15B Charles A. Wright et al., Federal Practice and Procedure Sec. 3918.5, at 503-04 & n. 30 (1992) (citing United States v. Stricklin, 591 F.2d 1112, 1117-19, reh'g denied, 598 F.2d 620 (5th Cir.), cert. denied, 444 U.S. 963 (1979), for the proposition that "in complex cases the initial double jeopardy ruling by the district court, and its affirmance by the court of appeals [on an interlocutory Abney appeal], do not preclude renewal of the double jeopardy question if the evidence developed at trial shows that in fact there was prior jeopardy"); see also United States v. Caporale, 806 F.2d 1487, 1517 (11th Cir.1986) (same); United States v. Bryan, 677 F.Supp. 482, 483 (N.D.Tex.1987) (same); United States v. Price, 533 F.Supp. 1183, 1189 (W.D.N.Y.1982) (same)