

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2006

# USA v. Dorsett

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2465

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Dorsett" (2006). *2006 Decisions.* Paper 1743.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1743

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2465

UNITED STATES OF AMERICA

v.

TREVOR DORSETT,

Appellant

Appeal from the United States District Court
for the District of the Virgin Islands
(04-cr-00004-02)
District Court: Hon. Raymond L. Finch

Argued December 5, 2005

Before: SCIRICA, Chief Judge, McKEE, and NYGAARD <u>Circuit Judges</u>.

(Filed: January 18, 2006)

George H. Hodge, Jr.
P.O. Box 803
Charlotte Amalie, St. Thomas
U.S.V.I. 00804
<u>Attorney for Appellant</u>

Nelson L. Jones
Office of the United States Attorney
United States Courthouse
Ron de Lugo Federal Building
5500 Veterans Drive, Suite 260
Charlotte Amalie, St. Thomas
U.S.V.I. 00802
<u>Attorney for Appellee</u>

OPINION

McKEE, Circuit Judge.

Trevor Dorsett appeals the District Court's denial of his motion to dismiss an indictment charging him with violating federal controlled substance laws. In essence, he argues that the Attorney General of the Virgin Islands and the United States Attorney cannot both prosecute him for the same offense. He claims that once the Territorial Court exercises jurisdiction the District Court is precluded from doing so because "the U.S. Virgin Islands does not have separate sovereignty as a State of the Union from the U.S. Government." Appellant's Br. At 9. Rather, relying upon *United States v. Wheeler*, 435 U.S. 313 (1978), Dorsett claims that "[t]he Third Circuit sees the V.I. Government and the U.S. Government as a single sovereignty. . . ." Appellant's Br. At 9.

For the reasons that follow, we will affirm the District Court's denial of his motion to dismiss the indictment.

**I.**

Because we write primarily for the parties, it is not necessary to recite the facts of this case except insofar as may be helpful to our brief discussion.

Dorsett incorrectly concludes that the Territorial Court's dismissal of local charges with prejudice precludes the District Court from exercising jurisdiction with regard to a federal indictment charging violations of the laws of the United States. Dorsett's alleged conduct would violate both federal and territorial law if proven beyond a reasonable

2

doubt. The law of both the United States and the Virgin Islands provides that the United States District Court and the Territorial Court have concurrent jurisdiction over such matters. *See* 48 U.S.C. § 1612; V.I. Revised Organic Act of 1954 § 22. *See also Parrott v. Gov't of Virgin Islands*, 230 F.3d 615 (3d Cir. 2000). Pursuant to the Revised Organic Act, as amended in 1984, the Virgin Islands Legislature expanded the Territorial Court's jurisdiction and divested the District Court of original jurisdiction over questions of *purely local* civil law. 4 V.I. Code § 76(a); *Parrott*, 230 F.3d at 620. However, the District Court continues to have the jurisdiction of a District Court of the United States. Therefore, the United States District Court has jurisdiction over certain local matters. In addition, with certain exceptions not relevant here, it also has concurrent jurisdiction with the Territorial Court over criminal acts that constitute federal offenses. 48 U.S.C. § 1612(b). Thus, the district court had concurrent jurisdiction with the Territorial Court.

To the extent Dorsett also raises a double jeopardy claim, it is also meritless, and requires only the briefest discussion.

The protections of the Double Jeopardy Clause are not implicated until the defendant is actually placed in jeopardy. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977). Jeopardy does not attach until the jury is empaneled and sworn, or, in a bench trial, until the first witness is sworn. *Id.*

Here, the territorial charges were dismissed with prejudice upon request of the prosecutor almost immediately after they were filed. No jury was ever empaneled, and no

3

witness was ever sworn. "Dismissal of an indictment before trial, with or without prejudice, does not itself invoke jeopardy where it does not involve a determination of the underlying facts." *United States v. Lindsey*, 47 F.3d 440, 444 (D.C. Cir. 1995), vacated on other grounds *sub nom. Robinson v. United States*, 516 U.S. 1023 (1995)*, (citing *United States v. Stricklin*, 591 F.2d 1112, 1120 (5th Cir.), *cert. denied*, 444 U.S. 963 (1979)). Here, the dismissal with prejudice operated only to bar re-prosecution in the Territorial Court. *Id.*