[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11637
Non-Argument Calendar

_____

D. C. Docket No. 06-00446-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK BEN WEBB, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 9, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Frederick Ben Webb, Jr., appeals his conviction and sentence of 42 months

of imprisonment following a plea of guilty to wire fraud. See 18 U.S.C. § 1343. Webb argues that the district court imposed an unreasonable sentence. Webb also argues that, because a prior indictment should have been dismissed with prejudice after the district court concluded that the government violated Webb's right to a speedy trial, see 18 U.S.C. § 3161, the district court in this case should have dismissed Webb's later indictment with prejudice. We affirm.

We review a sentence for reasonableness, United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005), which is "a deferential abuse-of-discretion standard," Gall v. United States, No. 06–7949, slip op. at 2 (U.S. Dec. 10, 2007). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, slip op. at 12. We then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

Webb argues that his sentence of 42 months of imprisonment is greater than

necessary to fulfill the statutory goals of the Sentencing Reform Act. See 18

U.S.C. 3553(a). Webb contends that he timely pleaded guilty and should have

received an additional reduction in his offense level. See United States Sentencing

Guidelines § 3E1.1(b) (Nov. 2006). Although he acknowledges that a reduction

under section 3E1.1(b) is dependent on a motion by the government, Webb argues

that, because he was entitled to a motion for a reduction and no motion was made,

the district court should have exercised its discretion to vary downward from the

advisory Guidelines range based on his timely plea of guilty. Webb also argues

that his sentence was greater than necessary because his criminal history category

overrepresented the seriousness of his criminal history.

Webb's sentencing arguments fail. The district court did not abuse its

discretion when it sentenced Webb to 42 months of imprisonment. The sentence

imposed was within the advisory sentencing Guidelines range of 37 to 46 months.

The district court sentenced Webb after careful consideration of Webb's arguments

in favor of mitigation, the advisory sentencing Guidelines, and the sentencing

factors of section 3553(a), and the sentence imposed was reasonable. To the extent

Webb argues that the district court erred when it denied Webb's motion for a

downward departure based on overrepresentation of his criminal history, see

U.S.S.G. § 4A1.3, the district court did not incorrectly believe that it lacked the

3

authority to apply a departure and we are without jurisdiction to review the denial. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

Webb's remaining argument that the indictment against him should have been dismissed with prejudice based on an earlier denial of a speedy trial also fails. Webb entered a plea of guilty to 32 charges of wire fraud, and Webb does not contend that his plea was conditional, involuntary, or not made knowingly. Webb's plea of guilty waived any nonjurisdictional defects, including any argument about the denial of his right to a speedy trial. See United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984). To the extent Webb argues that the present indictment violates the double jeopardy clause of the Fifth Amendment, this argument fails because the first indictment, which was dismissed for undue delay, did not put Webb in jeopardy. See United States v. Stricklin, 591 F.2d 1112, 1120 (5th Cir. 1979).

Webb's conviction and sentence are

**AFFIRMED.**