**UNITED STATES of America Plaintiff-Appellee,**

v.

**Robert Carl ADCOCK, II, and Lawrence H. Newell, Defendants-Appellants.**

No. 73-1224.

United States Court of Appeals, Sixth Circuit.

Submitted on briefs Oct. 3, 1973.

Decided Nov. 16, 1973.

---

638

E. W. Rivers, Melton & Rivers, Paducah, Ky., on brief, for defendants-appellants.

George J. Long, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and McCREE and MILLER, Circuit Judges.

PER CURIAM.

This is a direct appeal by two young Vietnam veterans who became addicted to heroin during their tours of duty in Southeast Asia. On May 3, 1972, appellants were charged in a six-count indictment charging violation of federal narcotics laws. Count one charged both defendants, under the conspiracy provision, 21 U.S.C. § 963, with having conspired to smuggle heroin knowingly and intentionally into the United States in violation of 21 U.S.C. § 952(a). Count two charged them, under the conspiracy provision 21 U.S.C. § 846, with having conspired to possess heroin with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Newell was also charged individually with three substantive offenses in separate counts, and Adcock, with one. Newell was convicted on counts one, two, three and five, and Adcock, on counts one and two. Newell received concurrent sentences of seven

years on counts one, two and three, and of four years on count five, and a special parole term of three years on counts one, two and three. Adcock received concurrent sentences of three years on counts one and two and a special parole term of three years on both counts.

On appeal, appellants charged five assignments of error: (1) that the district court erred in not entering a judgment of acquittal for Adcock on counts one and two of the indictment; (2) that the district court erred in not giving an instruction explicitly outlining Newell's defense that if the jury believed that he was an addict and possessed heroin only for his personal use and not for the purpose of selling or distributing it to others, then the jury could not find him guilty of counts two, three, and five of the indictment; (3) that the district court erred in failing to enter a judgment of acquittal for Newell on count three of the indictment which charged him with knowingly and intentionally possessing heroin with intent to distribute it to others; (4) that the district court erred in sentencing both appellants on both conspiracy counts of the indictment because the evidence showed that only a single conspiracy existed; and (5) that the district court abused its discretion in sentencing appellants because the sentences imposed upon them were excessive.

■■ We hold that the evidence does not support appellants' sentences on both conspiracy counts. It is clear that when a *single* agreement is entered, "[t]he one agreement cannot be taken to be several conspiracies because it envisages the violation of several statutes rather than one." Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942). And here the evidence demonstrates that only a single conspiracy existed, "however diverse its objects." Frohwerk v. United States, 249 U.S. 204, 210, 39 S.Ct. 249, 63 L.Ed. 561 (1919). *See also* May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994 (1949); United States v. Agueci, 310

F.2d 817 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1015, 10 L.Ed.2d 12 (1963). Like this case, *Agueci* involved the importation of narcotics into this country for the purposes of distribution to others. The court there found that only a single conspiracy existed among defendants, despite the fact that the evidence showed that some defendants acted as importers, some as "wholesalers," and others as "retailers" of the narcotics. Similarly, in this case, despite the fact that the defendants may have had more than one illegal objective, both the importation and the distribution of narcotics, only a single agreement existed among the defendants and the other conspirators to commit these unlawful acts.

The cases relied upon by the government, particularly Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L. Ed. 306 (1932), and its progeny, do not compel the conclusion that two separate conspiracies existed in this case. In those cases, the courts upheld convictions of appellants upon multiple *substantive* counts stemming from a single act. Thus, in *Blockburger*, appellant, who had made a sale of a narcotic drug, was held to have violated two separate substantive laws: one prohibiting the sale of narcotics except in or from the original stamped package, and the other prohibiting the sale of narcotics not pursuant to a written order of the person to whom the drug is sold. That case did not involve, as does this case, a single conspiracy having as its ultimate purpose the violation of more than one substantive offense.

Moreover, because only a single conspiracy in fact existed, it is irrelevant that the government charged the appellants under two separate conspiracy provisions. United States v. Mori, 444 F.2d 240 (5th Cir. 1971). Unlike the case in American Tobacco v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946), we are not presented here with conspiracies that are "distinguishable from and independent of each other."

*Id.* at 788, 66 S.Ct. at 1129. The evidence in the record does not support the conclusion that appellants here engaged in more than one conspiracy. Accordingly, we determine that the defendants may not be sentenced on both conspiracy counts.

 We hold, however, contrary to appellants' contentions, that there existed evidence sufficient to permit a jury to find that Adcock was a member of the single conspiracy, and that Newell knowingly and intentionally possessed heroin with intent to distribute it. Moreover, the district court did not err in not giving an explicit instruction to the jury outlining Newell's defense to three counts of the indictment. First, it appears that no such instruction was requested at trial. Second, Newell's rights were sufficiently protected by the court's instruction to the jury that it must find that Newell knowingly and intentionally possessed heroin with intent to distribute it to others before it could find him guilty of the substantive offenses with which he was charged.

 Moreover, we find that the district court did not abuse its discretion in the sentences it imposed on Newell and Adcock. We have previously held that "[t]he exercise of that discretion will not be disturbed on appeal, except upon a plain showing of gross abuse." United States v. Stubblefield, 408 F.2d 309, 311 (6th Cir. 1969), citing Livers v. United States, 185 F.2d 807, 809 (6th Cir. 1950). We observe, nevertheless, that under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. § 35 (Supp.1970), appellants have 120 days from the date of the mandate from this court in which to move for a reduction of sentence. The district court may decide, in light of our direction for vacation of the sentence on one of the conspiracy counts and in light of appellants' good record prior to the events that are the subject of this appeal and their asserted self-rehabilitation while on bail after conviction, to exercise its discretion to reduce the sentences previously imposed.

In accordance with the foregoing, the judgment of the district court is vacated to permit resentencing on only one of the two conspiracy counts. In all other respects the judgment below is affirmed.