**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Wallace FRUIT et al., Defendants-Appellants.**

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Robert MILES, Defendant-Appellant.**

**Nos. 74–1518, 74–1519.**

United States Court of Appeals, Sixth Circuit.

Dec. 9, 1974.

James E. Wells, Detroit, Mich., J. B. Stoner, Marietta, Ga., for defendants-appellants.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., William C. Ibershof, Asst. U. S. Atty., J. Stanley Pottinger, Asst. Atty. Gen., Robert A. Murphy, Michael H. Corley, Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WEICK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The five defendants have appealed to this Court from their convictions in the District Court on both counts of a two-count indictment charging a criminal conspiracy in violation of 18 U.S.C.

§§ 241 and 1509. The first count charged them with a felony, namely, with a conspiracy to injure, oppress, threaten, and intimidate Negro students of the Pontiac, Michigan School District, in their right and privilege as citizens secured by the Constitution, to attend school without regard to race or color.

The plan of the conspiracy was to dynamite school buses and to fire at the buses with a mortar weapon, in violation of 18 U.S.C. § 241.

The second count charged them with a misdemeanor, namely, a conspiracy to interfere with the performance of an order of the United States District Court for the Eastern District of Michigan, relating to said School District, in violation of 18 U.S.C. § 1509.

The defendants waived trial by jury and were tried by the District Court, which adopted findings of fact and conclusions of law and found each of the defendants guilty on both counts of the indictment.

The Court imposed varying concurrent sentences ranging from three to five years' imprisonment on Count I, and one year's imprisonment on Count II. Two and one-half years of the three years' sentences imposed on defendants Distel and Quick on Count I were suspended, and they received probation for two years and two years' probation on Count II.

The defendants had moved that the Government be required to elect as to which count it would proceed, but the Court denied the motion.

■ The appellants do not contend that the convictions are not supported by substantial evidence. They contend, however, that there was no state involvement in the charge in Count I which is required for violation of the Fourteenth Amendment to the Constitution. The trouble with this contention is that the acts of the defendants did violate Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000c et seq., which statute Congress had the authority to enact under Section 5 of the Fourteenth Amendment.

Convictions under §§ 241 and 1509 of Title 18, under facts very similar to those in the case at bar, were upheld in Hayes v. United States, 464 F.2d 1252 (5th Cir. 1972). While we are not bound by this decision, we do think its reasoning is persuasive and we will follow it.

■ In our opinion there was only one conspiracy in the present case, which violated two different statutes. It is the conspiracy, and not the object, which is punished. Sentence can therefore be imposed on only one count. United States v. Adcock, 487 F.2d 637 (6th Cir. 1973). The District Court erred in imposing sentences on both counts of the indictment.

The sentences on both counts are therefore vacated and the cases are remanded for resentencing.