**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roger Lee BURKETT, Saundra Navarro, Marguerite Constanza, and Gary Toughill, Defendants-Appellants.**

Nos. 79–1122, 79–1233, 79–1348 and 79–1349.

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1979.

Rehearing Denied Feb. 12, 1980.

**450**

Richard M. Barnett and Sheldon D. Sherman, San Diego, Cal. (argued), Victor Sherman, Los Angeles, Cal. (argued), Nasatir, Sherman, Hirsch, Los Angeles, Cal., on brief, for defendants-appellants.

Howard A. Allen, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Howard A. Allen, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before ELY and WRIGHT, Circuit Judges, and HOFFMAN *, District Judge.

WALTER E. HOFFMAN, District Judge:

This interlocutory appeal from the United States District Court for the Southern District of California is based upon the denial of appellants' motions to dismiss the indictment because of alleged double jeopardy. Jurisdiction is established by 28 U.S.C. § 1291. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

The district court determined that this interlocutory appeal concerns strictly legal issues that could be decided without reviewing a transcript of the trial. We agree that only questions of law are raised by this appeal, and find that those questions have been clearly presented in the parties' briefs. Accordingly, it is not necessary that we review a transcript of the proceedings.[1]

On October 6, 1978, the Grand Jury returned a superseding indictment charging the appellants and five other persons with conspiracy to illegally import a controlled substance, in violation of 21 U.S.C. § 963 (count one); illegal importation of a controlled substance, in violation of 21 U.S.C. §§ 952, 960 and 963 (count two); conspiracy to dispense and distribute a controlled substance, in violation of 21 U.S.C. § 846 (count three); and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Appellants' trial began on December 5, 1978, and was concluded on December 22, 1978. Appellant Gary Toughill was found not guilty of illegal importation of cocaine; however, the jury could not reach a verdict as to conspiracy to illegally import cocaine, conspiracy to dispense and distribute cocaine and possession of cocaine with intent to distribute. Appellants Marguerite Costanza, Roger Lee Burkett and Saundra Navarro were acquitted on both importation counts, but the jury was unable to reach a verdict as to conspiracy to dispense and distribute cocaine and possession with intent to distribute cocaine. The court declared a mistrial as to the counts upon which the jury could not reach a verdict. Appellants' subsequent motions to dismiss the remaining counts of the indictment on the ground that retrial on those counts violates the double jeopardy clause of the Fifth Amendment were denied by the district judge after a hearing on February 5, 1979.

■ Specifically, the appellants make the following contentions: that the acquittal of appellants on counts one and two of the indictment bars further prosecution on counts three and four under the double jeopardy provisions of the United States Constitution; that the acquittal of appellant Toughill on count two only similarly bars further prosecution on counts three

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. It should be noted, however, that a 2467 page transcript of the motions and trial of this case is now before this court in the appeal of co-defendant Robert Eugene Preston, Case No. 79–1080, an appeal heard by the same panel.

and four under the double jeopardy provision of the United States Constitution; and, that deliberate overreaching by the government bars further prosecution of all appellants. For the reasons stated below, we affirm the decision of the district court.

This Court has for a long time recognized that a mistrial after a jury has been unable to reach a verdict is no bar to a subsequent retrial on the same charges; it is an exception to the general rule that jeopardy attaches upon the swearing-in of the first juror. *Arnold v. McCarthy*, 566 F.2d 1377 (9th Cir. 1978); *United States v. See*, 505 F.2d 845 (9th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975); *Oelke v. United States*, 389 F.2d 668 (9th Cir. 1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1420, 20 L.Ed.2d 286 (1968). Appellants claim that in this case one large conspiracy was arbitrarily broken down into two conspiracy counts, and that acquittal on the first conspiracy count acts as a bar to any further prosecution on the second conspiracy count. They argue that because the same set of facts was presented to prove either conspiracy, a retrial on the possession and distribution counts should be barred by the acquittal on the importation counts. Appellants have cited several cases dealing with double jeopardy claims to support these contentions, including *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. Guido*, 597 F.2d 194 (9th Cir. 1979); *United States v. Ruigomez*, 576 F.2d 1149 (5th Cir. 1978); *United States v. Mallah*, 503 F.2d 971 (2d Cir. 1974), *cert. denied*, 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975); and *United States v. Cooper*, 442 F.Supp. 1259 (D.Minn.1978).

In order to support a claim of double jeopardy, appellants must show that the offenses charged were in law and in fact the same offense. See *Kowalski v. Parratt*, 533 F.2d 1071, 1074 (8th Cir.), *cert. denied*, 429 U.S. 844, 97 S.Ct. 125, 50 L.Ed.2d 115 (1976); *see also United States v. Westover*, 511 F.2d 1154, 1156 (9th Cir.), *cert. denied*, 422 U.S. 1009, 95 S.Ct. 2633, 45 L.Ed.2d 673 (1975); *Sanchez v. United States*, 341 F.2d 225, 227 (9th Cir.), *cert. denied*, 382 U.S. 856, 86 S.Ct. 109, 15 L.Ed.2d 94 (1965). In this case the appellants were charged with four separate offenses as defined by four distinct federal criminal statutes.[2] Therefore, an acquittal on the importation charges is not a bar to a retrial on the charges of conspiracy to possess and distribute and the substantive offense of possession with intent to distribute.

This is not a case where the government has indicted on several counts based on multiple occurrences of the same statutory violation. *Cf. Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. Ruigomez*, 576 F.2d 1149 (5th Cir. 1978); *United States v. Mallah*, 503 F.2d 971 (2d Cir. 1974), *cert. denied*, 420 U.S. 995, 95 S.Ct. 125, 50 L.Ed.2d 115 (1975); *United States v. Palermo*, 410 F.2d 468 (7th Cir. 1969); *United States v. Cooper*, 442 F.Supp. 1259 (D.Minn.1978). Here we are dealing with separate offenses requiring the proof of distinct, individual elements.

2.  21 U.S.C. § 963: "Any person who attempts or conspires to commit any offense defined in this subchapter [Subchapter II–Import and Export] is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." (Count 1).

21 U.S.C. § 952(a): "It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance . . . or any narcotic drug . . . ." (Count 2).

21 U.S.C. § 846: "Any person who attempts or conspires to commit any offense defined in this subchapter [Subchapter I–Control and Enforcement] is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." (Count 3).

21 U.S.C. § 841(a): "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." (Count 4).

We determined in *United States v. Marotta*, 518 F.2d 681, 684 (9th Cir. 1975), that when dealing with 21 U.S.C. § 846 (conspiracy to possess with intent to distribute) and 21 U.S.C. § 963 (conspiracy to import), "the Congressional intent is unmistakable in that there are two separate and distinct offenses defined." In *Marotta*, the defendant's convictions under both statutes were affirmed with the understanding that he "was engaged in a single conspiracy with dual criminal objects . . . ." 518 F.2d at 685. In addition, the court determined that imposing consecutive sentences for each of the violations did not offend the double jeopardy clause. *Accord, United States v. Garner,* 574 F.2d 1141 (4th Cir. 1978); *United States v. Houltin,* 525 F.2d 943 (5th Cir.), *vacated on other grounds, sub nom., Croucher v. United States,* 429 U.S. 1034, 97 S.Ct. 725, 50 L.Ed.2d 744 (1976). *But see United States v. Honneus,* 508 F.2d 566 (1st Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975); *United States v. Adcock,* 487 F.2d 637 (6th Cir. 1973).

Appellants have relied heavily upon the recent case of *United States v. Guido,* 597 F.2d 194 (9th Cir. 1979). Although *Guido* is distinguishable from this case, it should be examined closely. Two defendants were charged in an indictment returned on May 17, 1977, in the Eastern District of California, with conspiracy to import marijuana from April 29, 1977 through May 12, 1977. Both defendants pled guilty to these charges. On May 2, 1978, another indictment was returned in the District of Arizona charging the defendants with conspiracy to import marijuana and conspiracy to possess marijuana with intent to distribute from March 1, 1976 through November 15, 1976. The defendants moved to dismiss the second indictment on double jeopardy and due process grounds, arguing that the conspiracy charged in Arizona was the same conspiracy to which they pled guilty in the Eastern District of California. The government responded by moving to dismiss the conspiracy to import count. The Arizona district court granted the government's motion and denied defendants' motion. The defendants were tried and convicted. On

appeal, this Court concluded that the conspiracies alleged in the California and Arizona indictments were in fact one continuing conspiracy; accordingly, the convictions were reversed.

In *Guido,* the Arizona prosecutor had received a copy of the California indictment and was aware of the facts surrounding the conspiracy prior to filing the Arizona indictment. This "should have been sufficient notice to the Arizona prosecutor that the indictment he was about to file covered only a different period arising out of the same single conspiracy for which the defendants had theretofore pled guilty in California." *Guido,* 597 F.2d at 199. This Court, without ruling on the double jeopardy and due process claims, held that under its supervisory power of the administration of criminal justice it had the authority "to correct such unfairness."

Appellants have presented a fundamentally different situation. They are being retried on counts for which the jury was unable to reach a verdict. Those counts charge the appellants with crimes separate and distinct from those for which they were acquitted. Although *Guido* appears to be on point in that it involved two distinct crimes (the California indictment charged defendants with conspiracy to import marijuana while the Arizona indictment charged conspiracy to possess and distribute marijuana), the Court found that, practically speaking, there was no difference between the allegedly separate conspiracies; the purpose of each was to import as well as possess and distribute marijuana. Here, there has been no arbitrary temporal division of a single conspiracy by an overeager prosecutor in order to facilitate multiple prosecutions. Appellants' acquittals on the importation charges were unrelated to their retrial on the possession and distribution charges. In short, this case lacks the inherent "unfairness" that prompted the court to reverse the convictions in *Guido.*

Appellant Toughill argues that his acquittal on the substantive importation count (count two) necessarily indicates a finding that he did not have the *intent* to import a

controlled substance. He argues further that such intent is an essential element of the remaining three counts, and that its absence requires a dismissal of those counts. Toughill's argument ignores the possibility that his acquittal on the substantive importation charge may have been the result of any of a number of factors, and not solely a jury finding of lack of criminal intent. In any event, intent to import a controlled substance is not an element of conspiracy to possess and distribute a controlled substance. For these reasons, Appellant Toughill's arguments must fail.

There is also no merit to appellants' contention that deliberate overreaching by the government prosecutor should bar retrial. Charging four separate offenses in violation of four separate and distinct criminal statutes cannot be termed prosecutorial overreaching. Nor does this appear to be a case where the prosecution covertly sought a mistrial for an opportunity to strengthen its case. *Cf. Downum v. United States*, 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

AFFIRMED.