UNITED STATES of America, Plaintiff,

v.

Richard Lowell STRATTON, a/k/a "Richard Lowell," et al., Defendants.

No. S 83 Cr. 482 (CBM).

United States District Court, S.D. New York.

March 19, 1984.

Rudolph W. Giuliani, U.S. Atty., Southern District of New York by Stuart E. Abrams, Asst. U.S. Atty., New York City, for plaintiff.

London & Lopez by Ira D. London, Brooklyn, N.Y., for defendant Richard Lowell Stratton; Ivan S. Fisher, Marsha Taubenhaus, New York City, of Counsel.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

In April 1982, defendant Richard Lowell Stratton, a/k/a "Richard Lowell", was among a number of persons indicted by a federal grand jury in Maine for conspiracy to distribute large quantities of marijuana and hashish in violation of 21 U.S.C. § 846. After a jury returned a verdict of guilty, Judge Edward T. Gignoux sentenced Stratton to fifteen years imprisonment, the maximum term possible.

As to the instant case, in August 1983, a grand jury sitting in this District indicted Stratton and others for conspiracy to import more than one thousand pounds of hashish, 21 U.S.C. § 963, and for conspiracy to distribute more than one thousand pounds of hashish, 21 U.S.C. § 846. In addition, Stratton was charged with managing a continuing criminal enterprise, 21

U.S.C. § 848. Charged with Stratton on both conspiracy counts were five co-defendants not involved in the Maine indictment. In November 1983, the grand jury returned a superseding indictment which added a substantive count, importation of hashish, 21 U.S.C. § 952(a), to the charges against Stratton and three of his five co-defendants. Stratton has entered a plea of not guilty on all counts.

Stratton has moved to dismiss the superseding indictment against him on the ground that a trial on any one of the three charges first lodged against him by the underlying indictment would violate the Fifth Amendment's ban against double jeopardy. At its most basic level, Stratton's argument is a form of the "same transaction" test advocated by Justice Brennan in a series of Supreme Court opinions. See, e.g., Ashe v. Swenson, 397 U.S. 436, 453–54, 90 S.Ct. 1189, 1199–1200, 25 L.Ed.2d 469 (Brennan, J. concurring). The "same transaction" view contends that the double jeopardy clause requires that all violations arising out of a single transaction be tried together.

In this vein, Stratton maintains that the evidence before the court in the Maine case and the Government's statements in summation established that there existed one agreement by him and others to import and distribute drugs, i.e., some distribution was to occur in Maine, some in New York and some elsewhere. According to Stratton, the underlying conspiracies alleged in the instant indictment are, therefore, the same conspiracy for which he was indicted in Maine. Stratton concedes that the Government could have brought charges against him for a conspiracy to import drugs as well as for the conspiracy to distribute drugs when it tried him in Maine. He argues, however, that the Maine trial represents prior jeopardy for the entire importation/distribution agreement. Therefore, to subject Stratton to the ordeal of a second trial when there existed but one general agreement represents double jeopardy. Similarly, with respect to the charge of managing a continuing criminal enterprise, Stratton contends that the "in concert" re-

quirement of Section 848 can be satisfied only by looking to the single underlying agreement for which he was tried in Maine. According to Stratton, that agreement represents a lesser included offense of the Section 848 charge. Therefore, Stratton contends that he cannot be sentenced under Section 848 since he has already been sentenced in Maine for the lesser included offense.

Stratton concedes, however, that he may be tried on the substantive importation count added by the superseding indictment in November 1983 without offending the double jeopardy clause.

The court denies Stratton's motion to dismiss the two conspiracy counts and the Section 848 count contained in the superseding indictment. The court concludes that Stratton may be tried on the three contested counts in the superseding indictment without being put in jeopardy twice for the same offense. At the Government's request, the court severs, for later trial, the count charging Stratton with conspiracy to distribute hashish, the only count for which there is a colorable double jeopardy claim. Such later trial will be preceded by the required hearing to determine whether the instant distribution conspiracy charge is the same as the Maine distribution conspiracy charge. The evidence developed at the trial of Stratton's co-defendants on the instant distribution conspiracy charge will obviously shed light on Stratton's claim that the two distribution conspiracies are identical and may even obviate the need for a hearing. The Government may also decide to drop the distribution conspiracy charge against Stratton if he is convicted on the other three counts contained in the superseding indictment.

## DISCUSSION

Manifestly, each of the three charges on which Stratton will proceed to trial—conspiracy to import hashish, importation of hashish, and managing a continuing criminal enterprise—requires proof of an element not required to prove conspiracy to

distribute. The Second Circuit Court of Appeals has explained that in order "[t]o support a claim of double jeopardy, it must appear that the offenses charged were in fact and in law the same." *United States v. Armedo-Sarmiento*, 545 F.2d 785, 792 (2d Cir.1976), *cert. denied*, 430 U.S. 417, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977). *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In this case, because of the severance of the distribution conspiracy charge, the question before the court is simply a question of law.[1] Stratton would have the court, at this juncture, analyze the remaining counts under the factual analysis limned in *United States v. Papa*, 533 F.2d 815, 820 (2d Cir.), *cert. denied*, 429 U.S. 961, 97 S.Ct. 387, 50 L.Ed.2d 329 (1976). Such analysis is useless in that the court concludes that even if the conspiracies to distribute are identical, legal authority permits Stratton to be tried on the remaining counts because each requires proof of an element not necessary for conviction in Maine.

### 1. Importation Conspiracy

It is beyond dispute that a single agreement may give rise to violations of several conspiracy statutes. *See, e.g., Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Moreover, courts have found no double jeopardy problem with subsequent trials arising out of the same course of conduct. The Second Circuit provided its clearest statement of this principle in *United States v. Nathan*, 476 F.2d 456 (2d Cir.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 171, 38 L.Ed.2d 56 (1974). In *Nathan*, defendants contended that guilty pleas to a Florida drug conspiracy precluded indictment in New York on charges of conspiracy to violate narcotics laws. The panel, per Judge Feinberg, disagreed, declining even to consider the factual relationship between the two conspiracies. After noting that the two conspiracies involved different conspiracy statutes, the panel observed that it was "not aware of any constitutional requirement that all such violations must be tried together." *Id.* at 458–59. *See also United States v. Ortega-Alvarez*, 506 F.2d 455, 457 (2d Cir. 1974), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1560, 43 L.Ed.2d 775 (1975).

In *United States v. Stricklin*, 591 F.2d 1112 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979), the Fifth Circuit confronted facts similar to those found in the case at bar. The defendant Stricklin raised a double jeopardy challenge to a third federal indictment against him. The first indictment was dismissed for violation of Stricklin's right to a speedy trial. A second indictment, brought in New Mexico, charged Stricklin with conspiring to distribute marijuana as well as with actual possession of marijuana with intent to distribute it. Stricklin was tried and convicted on both counts. Among the counts charged in the third indictment, brought in Texas, were conspiracy to import marijuana, importation of marijuana, conspiracy to distribute marijuana and management of a continuing criminal enterprise. The *Stricklin* court found the distribution conspiracies alleged in the New Mexico and Texas indictments to be quite similar. *Id.* at 1122. This similarity notwithstanding, the *Stricklin* court found that the Government could charge Stricklin in Texas with conspiracy to import marijuana. *See also United States v. Marable*, 578 F.2d 151, 154 n. 1 (5th Cir.1978). This court adheres to the reasoning set forth in *Nathan* and *Stricklin* and concludes that Stratton may be tried for the importation conspiracy.

The court notes that the Ninth Circuit has adopted a position more akin to Stratton's own position. In *United States v. Guido*, 597 F.2d 194 (9th Cir.1979), the court reversed convictions under a second

---

**1.** Stratton has objected to the court's severance of the count charging him with conspiring to distribute drugs. The court notes that in *United States v. Nathan*, 476 F.2d 456 (2d Cir.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 171, 38 L.Ed.2d 56 (1974), the Second Circuit did not consider the factual similarity of the conspiracies before it in spite of the fact that the question of their identity was a close one. *Id.* at 458 n. 4.

indictment for conspiracy to distribute marijuana after defendants pled guilty to conspiracy to import marijuana.[2] Significantly, however, the *Guido* court did not rest its decision on double jeopardy or due process grounds. Instead, the court relied on its "supervisory power of [sic] the administration of criminal justice ... to correct unfairness." *Id.* at 198. That the double jeopardy clause does not explain the result in *Guido* is made clear by the Ninth Circuit's post-*Guido* decisions. In *United States v. Burkett*, 612 F.2d 449 (9th Cir. 1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 853 (1980), the court indicated that the double jeopardy clause permits defendants to be charged with violating two conspiracy statutes regardless of the nature of the underlying agreement. *Id.* at 452 (*quoting United States v. Marotta*, 518 F.2d 681, 684 (9th Cir.1975)). *See also United States v. Bendis*, 681 F.2d 561, 564–66 (9th Cir.1981), *cert. denied,* 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982). Thus, the court finds that the double jeopardy clause does not command dismissal of the importation conspiracy charge against Stratton.

■ At the same time, this court finds that the circumstances before it do not warrant exercise of its supervisory power to administer justice. As the Supreme Court explained in *Albernaz v. United States,* Congress has broad power to define those offenses which may be punished. 450 U.S. at 344, 101 S.Ct. at 1145. By the same token, the task of enforcing statutes rests not *with* the court but with the office of the prosecutor. *See generally* Hill, "The Bill of Rights and the Supervisory Power," 69 Col.L.Rev. 181, 204–05 (1969). Barring outrageous conduct on the part of the prosecution, this court sees no reason to arrogate to itself those functions performed by other branches of government. *See McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). Since the court does not, at this point, find the behav-

ior of the prosecution in this case to be outrageous, there is no justification for judicial exercise of supervisory power.

For his part, Stratton cites language from two cases supporting the kind of transactional analysis espoused by Justice Brennan. In *United States v. Rodriguez,* 612 F.2d 906 (5th Cir.), *aff'd sub nom. Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), the Fifth Circuit explained that "the Government would be well-advised to bring all of its charges (relating to a single conspiracy) in a single proceeding." 612 F.2d at 925. Similarly, in *United States v. Allen,* 539 F.Supp. 296, 297 (C.D.Cal.1982), a federal district court commented that "since the gravamen of conspiracy is the illegal agreement, the hub defendant ... may be guilty of only one conspiracy under the double jeopardy clause." *Id.* at 305. In the first place, the court notes that the Supreme Court has never adopted this transactional analysis. *United States v. Brooklier,* 637 F.2d 620, 623–24 & n. 7 (9th Cir.1980), *cert. denied,* 450 U.S. 980, 101 S.Ct. 1514, 67 L.Ed.2d 815 (1981). Moreover, in *Rodriguez,* the language cited by Stratton is *dicta* to the court's finding that no double jeopardy existed. *Allen* is similarly inapposite in that the defendants in *Allen* were charged in a second indictment with violating the same statutory provisions for which they had already been tried. As noted, the court finds that Stratton may be tried under different statutory provisions than the one for which he was convicted in Maine.

At the hearing of this motion, Stratton's counsel mentioned the Second Circuit's opinion in *United States v. Sabella,* 272 F.2d 206 (2d Cir.1959). The court finds that *Sabella* is not on point. *Sabella* arose out of Congress' inadvertent omission of a penalty for violation of a narcotics statute. The defendants in *Sabella* pled guilty to charges brought under that statute. When the U.S. Attorney attempted to correct the mistake by bringing charges under a dif-

---

2. At trial on the second indictment, the government dismissed a count alleging participation in

an importation conspiracy. 597 F.2d at 197.

ferent statute, double jeopardy resulted. The drafting error found in *Sabella* distinguishes that case from this one in which Congress has drafted separate well-conceived statutes to deal with drug importation and drug distribution. *See Albernaz v. United States,* 450 U.S. at 343, 101 S.Ct. at 1144.

Stratton also questions the viability of *United States v. Nathan.* He suggests that *Nathan* has been limited by *United States v. Cioffi,* 487 F.2d 492 (2d Cir.1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2410, 40 L.Ed.2d 774 (1974) and *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Stratton finds such limitation in the holding that double jeopardy may result even though charges are brought under separate statutes. The court finds that neither of these cases undermines the soundness of the reasoning in *Nathan.*

In *Cioffi,* the Second Circuit reversed convictions because of improper jury instructions; the court found no double jeopardy in the case before it. Stratton's reliance on footnote six in the *Cioffi* opinion, 487 F.2d at 497 n. 6, is misplaced. In that footnote, the *Cioffi* court noted that double jeopardy could conceivably appear where the same proof could convict under separate substantive statutes. The court also noted that conspiracy statutes differ from substantive statutes in that separate conspiracy statutes always require different elements of proof. *Id.* Thus, in *Nathan,* the court explained that "the second [conspiracy], unlike the first, required a showing of defendant's knowledge of illegal importation." 476 F.2d at 458–59. In the instant case, the knowledge of illegal importation necessary to convict Stratton for the importation conspiracy is not an element of the crime of conspiracy to distribute for which Stratton was tried in Maine. Thus, *Cioffi* does not alter the court's conclusion that the law of this circuit will permit Stratton to be tried on the importation conspiracy.

*Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), is similarly inapposite. *Brown* arose out of an auto theft. There, defendant was charged and convicted with "operating a motor vehicle without the consent of the owner [joyriding]." Thereafter, he was charged with violating a different statute, auto theft. A state appellate court found joyriding to be a lesser included offense of auto theft. Even so, the appellate court concluded that since the theft persisted over a period of time, Brown could be charged separately for violations occurring at different times. The Supreme Court reversed, holding that since Brown's conduct effectively violated the joyriding statute, he could not be retried under another statute, auto theft, requiring the same elements of proof. 432 U.S. at 169, 97 S.Ct. at 2227. As noted, Stratton's alleged misconduct violates distinct conspiracy statutes. Therefore, *Brown* does not limit the Second Circuit's decision in *Nathan.*

### 2. Continuing Criminal Enterprise

To satisfy its burden of proof under the continuing criminal enterprise statute, 21 U.S.C. § 848, the Government must prove that a defendant acted "in concert" with other persons. Stratton's argument that the double jeopardy clause precludes trial for managing a continuing criminal enterprise starts with the assumption that the Maine distribution conspiracy satisfies the "in concert" requirement of section 848 and, therefore, constitutes a lesser included offense to section 848. In support of that assumption Stratton cites *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) and *United States v. Sperling,* 560 F.2d 1050 (2d Cir.1977). This court does not agree that *Jeffers* and *Sperling* settled the issue of whether conspiracy is a lesser included offense to section 848. The reasons for the court's position are set forth at some length in *United States v. Martinez-Torres,* 556 F.Supp. 1255 (S.D.N.Y.1983), and there is no need to repeat them here. The Second Circuit has recently described conspiracy as a lesser included offense to section 848. *United States v. Mourad,* 729 F.2d 195, at 202 (2d Cir.1984). Even assuming that *Mourad* answers the lesser included offense question

in the affirmative, the court disagrees with the balance of Stratton's argument.

Stratton would have the court read the "in concert" requirement in terms of transactions. Accordingly, Stratton claims that if the conspiracies charged in this case are parts of a single importation/distribution agreement for which he has been sentenced, he cannot now be sentenced for the overarching offense. The court finds that Stratton has misinterpreted the "in concert" requirement. As indicated, Congress has broad power to define offenses. Congress' decision to create separate statutes for drug importation and drug distribution means that either can satisfy the "in concert" requirement. For the purposes of section 848, then, Stratton satisfied the "in concert" requirement both by conspiring to distribute drugs and by conspiring to import them. Since he has not been subjected to prior jeopardy for the conspiracy to import, that conspiracy may provide the "in-concert" element of the 848 charge.

As discussed above, *United States v. Stricklin*, 591 F.2d 1112 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979), presented circumstances similar to those found in this case. In *Stricklin*, as in this case, the defendant contended that a distribution conspiracy for which he had already been tried represented the "in concert" element of a pending 848 charge. The Fifth Circuit agreed that crimes for which Stricklin had been convicted could not satisfy the "in concert" requirement. *Id.* at 1124. The court explained that "[s]ince Stricklin has not been subjected to prior jeopardy for the importation conspiracy offense, however, the inclusion of that agreement as part of the foundation of the 848 charge" does not constitute double jeopardy. *Id.* Stratton finds support for his position in the *Stricklin* court's statement that evidence of a "separate conspiracy" will defeat a motion challenging a second conspiracy indictment on double jeopardy grounds. *Id.* According to Stratton, the reasoning of *Stricklin* applies only when there exists a completely separate agreement. There was, however, no finding in *Stricklin* that the importation

conspiracy, a permissible foundation for the 848 count, resulted from a separate agreement. A plain reading of *Stricklin* supports the conclusion that the importation conspiracy in this case can serve as an independent basis for the "in concert" requirement.

*3. Importation*

 As indicated, Stratton has conceded that he may be tried on the substantive importation count. The court notes that it is well settled that double jeopardy does not attach in a prosecution for a substantive offense arising out of the same events as a charge of conspiracy. *See, e.g., Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954). That trial on the substantive offense occurs after trial on the conspiracy charge does not alter this situation. *United States v. Hinton*, 543 F.2d 1002, 1014 (2d Cir.1976). *See also United States v. Clark*, 613 F.2d 391, 402 (2d Cir.1979) (finding verdict of acquittal on conspiracy counts did not prevent retrial on substantive counts). Therefore, it seems clear that Stratton may be tried on the substantive importation count.

CONCLUSION

For the reasons discussed above, the motion of defendant Richard Lowell Stratton to dismiss three counts in the superseding indictment against him on the ground that they violate the double jeopardy clause of the Fifth Amendment is denied. In addition, Count One of the superseding indictment charging conspiracy to distribute hashish, 21 U.S.C. § 846, is severed as to Stratton.