24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jay D. JOHNS, Jr., Petitioner-Appellant,
v.
James McFADDEN, et al., Respondents-Appellees.
 No. 93-15844.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided May 13, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jay D. Johns appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition, alleging that his Arizona state conviction for receiving a child pornography videotape was obtained in violation of double jeopardy, that he was entrapped, and that he received ineffective assistance of counsel. He further challenges his seventeen-year sentence as cruel and unusual punishment in violation of the Eighth Amendment. We affirm.
 
 
 3
 * The government placed an ad in an adult magazine, seeking inquiries from individuals with "unusual" sexual interests. Johns answered the ad, and subsequently corresponded with a pen-pal named "Cathy," actually a male undercover agent, for two years. In his correspondence, Johns claimed to have molested at least three young children, including his own two children, in the past; and revealed an extensive history of deviant sexual behavior, including an interest in pedophilia.
 
 
 4
 Petitioner was arrested immediately after receiving a videotape of child pornography which he had ordered with an order blank provided by the government. There is no evidence in the record that the government prompted Johns' interest in pedophilia or child pornography or that defendant's order was obtained as a result of any governmental encouragement, aside from providing the order blank.
 
 
 5
 Petitioner was indicted by a federal grand jury on July 25, 1990, and by a Maricopa County Grand Jury on October 16, 1990. The state indictment alleged six different counts, based on the six different child pornography "films" contained on the videotape he ordered.
 
 
 6
 On December 11, 1990, Johns pled guilty to Count I of the state indictment. In return for his plea, the government dismissed the remaining five counts of the indictment and dismissed a separate state complaint of alleged child molestation. In addition, as a result of pleading guilty in state court before he was convicted or sentenced in federal court, petitioner assured himself of receiving concurrent, rather than consecutive, state and federal sentences. As a result of his guilty plea in state court, petitioner was sentenced to seventeen years in prison without possibility of parole.
 
 
 7
 Johns filed a timely notice of appeal. His counsel filed an Anders brief on March 26, 1991, and petitioner therefore filed a supplemental brief in propria persona, touching on the same contentions he now raises in his habeas petition. Specifically, petitioner argued that his sentence was unconstitutionally harsh, that he had been charged twice for the same offense, that his attorney had done a very poor job of representing him, and that he had been convicted of a crime orchestrated by the government. The Arizona Appellate Court affirmed Johns' conviction, and the Arizona Supreme Court denied his timely petition for review on September 12, 1991.
 
 
 8
 Petitioner filed the instant habeas petition on May 29, 1992, which the district court dismissed without opinion on March 25, 1993. This appeal followed.
 
 II
 
 9
 At the outset, we reject the government's contention that petitioner has procedurally defaulted on his double jeopardy, ineffective assistance of counsel, and entrapment claims. While petitioner's references to the claims he now raises on federal habeas were undeniably vague, courts are required to liberally construe pro se pleadings, and address any claims that are supported therein. See, e.g., Haines v. Kerner 404 U.S. 519 (1972); Hays v. Arave, 977 F.2d 475, 477 n. 1 (9th Cir.1992). In this case, it appears that petitioner's supplemental brief set forth the essence of his legal claims, thereby giving the Arizona courts adequate opportunity to address them.
 
 
 10
 Similarly, petitioner has not defaulted his double jeopardy and entrapment claims by pleading guilty as the government contends. Unlike errors that might inhibit the government's ability to prove factual guilt at trial, petitioner's claims allege errors which would stand in the way of prosecution, regardless of factual guilt. As the Supreme Court has recognized, such errors may still properly be raised in a habeas petition, even if the petitioner's conviction was obtained by way of a guilty plea. Menna v. New York, 423 U.S. 61, 63 n. 2 (1975) (per curiam).
 
 III
 
 11
 On the merits, petitioner first argues that his state prosecution, commenced after he had been indicted on federal charges, violated his right to be free of double jeopardy. While he recognizes that the dual sovereign rule generally protects dual prosecutions by state and federal governments, petitioner argues that in this case the federal government conducted the entire investigation, and used the state apparatus as an instrument of its own power in order to achieve a stiffer sentence than was available under federal law. See United States v. Heidecke, 900 F.2d 1155 (7th Cir.1990); United States v. Patterson, 809 F.2d 244 (5th Cir.1987); United States v. Aboumoussallem, 726 F.2d 906 (2d Cir.1984) (establishing an exception to the dual sovereign rule where one sovereign is acting as a mere tool of the other). In the absence of any evidence to the contrary, however, we may assume that the State of Arizona was independently interested in prosecuting and convicting Johns in its effort to combat child pornography.
 
 
 12
 Petitioner next argues that the seventeen-year sentence he received in state court violates the Eighth Amendment because others convicted of similar or more serious crimes have received lesser sentences. The Supreme Court has recently emphasized that the focus of Eighth Amendment analysis is whether or not a particular punishment is grossly disproportionate to a particular crime, not whether a defendant was sentenced more harshly than others similarly situated. Harmelin v. Michigan, 111 S.Ct. 2680 (1991) (sentence of life imprisonment without parole for possession of a small amount of drugs not unconstitutionally harsh); see also United States v. Martinez, 967 F.2d 1343, 1348 (9th Cir.1992) (following Harmelin to uphold life sentence in a drug related case). Thus, the fact that defendant may have received a stiffer sentence than others who have committed similar crimes is irrelevant. As he concedes that the Arizona statute authorizing a maximum sentence of 22 years for his crime is constitutional, his Eighth Amendment argument is denied.
 
 
 13
 Finally, petitioner claims that he was denied the effective representation of counsel. He alleges that his public defender failed to raise real defenses and constitutional challenges raised by petitioner himself, and counseled petitioner to plead guilty to one count of his indictment in exchange for a dismissal of five other multiplicitous counts which should have been dismissed anyway. The trial court record, however, belies petitioner's assertions.
 
 
 14
 Defense counsel moved for dismissal of the multiplicitous counts of defendant's indictment, investigated and pursued a possible entrapment offense, and otherwise vigorously and competently advanced his client's interests before the court. Given the evidence of defendant's long-standing interest in deviant sexual behavior in general and pedophilia in particular, it does not appear that defendant's entrapment defense was very strong. Cf. Jacobson v. United States, 112 S.Ct. 1535 (1992). In addition, by pleading guilty, defendant obtained the dismissal of a separate child molestation complaint, and a concurrent rather than a consecutive federal sentence for possession of the pornographic videotape. Under the circumstances, it appears that defendant's guilty plea was a sensible choice, and not the result of ineffective assistance of counsel.
 
 
 15
 Apart from its relevance to his ineffective assistance of counsel claim, petitioner's entrapment argument may be grounds for granting his habeas petition only if the government's conduct was so outrageous that permitting it to even attempt to convict petitioner would deprive him of his right to due process. See Hampton v. United States, 425 U.S. 484 (1976); United States v. Russell, 411 U.S. 423 (1973); United States v. Barrera-Moreno, 951 F.2d 1089 (9th Cir.1991), cert. denied, 113 S.Ct. 417 (1992). There is no suggestion in the record of such outrageous conduct.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3